FILED

SEP 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENTER FOR FOOD SAFETY; et al., | No. 21-15883 |
| Plaintiffs-Appellants, | D.C. No. 3:20-cv-01537-RS |
| v. | |
| THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted July 27, 2022
San Francisco, California

Before: GRABER and OWENS, Circuit Judges, and BAKER,** International Trade Judge.

This case presents the question whether hydroponically grown crops—i.e., crops grown without the use of soil—meet the requirements of the Organic Foods

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Production Act (OFPA) of 1990, 7 U.S.C. § 6501 *et seq.* Appellants petitioned the U.S. Department of Agriculture (USDA or the Department) to issue new regulations barring organic certification of hydroponically grown crops. USDA refused, leading to this case. The district court granted summary judgment for the Department, citing the highly deferential standard of review and the relevant statutory provisions. The plaintiffs timely appealed. We have appellate jurisdiction under 28 U.S.C. § 1291 and we review the district court's order granting summary judgment de novo. *Corrigan v. Haaland*, 12 F.4th 901, 906 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 901 (2022). "When an agency refuses to exercise its discretion to promulgate proposed regulations, the Court's review is extremely limited and highly deferential." *Compassion Over Killing v. U.S. FDA*, 849 F.3d 849, 854 (9th Cir. 2017) (cleaned up).

    1. The district court declined to "disturb[ ]" USDA's decision not to issue the requested regulation because the court found the Department's interpretation of the OFPA to be at least "equally persuasive" as the plaintiffs' interpretation. *Ctr. for Food Safety v. Perdue*, 527 F. Supp. 3d 1130, 1142 (N.D. Cal. 2021). Appellants contend that the district court should have applied the familiar *Chevron* analysis in analyzing USDA's statutory interpretation. *Chevron*, however, would be relevant for interpreting the requested rule had the Department issued it. Here, because USDA *declined* to issue the rule, we agree with the government that the question is whether the OFPA required the Department to issue the rule.

2. Turning to that substantive question, we conclude that the OFPA does not clearly require USDA to issue the requested rule.[1] The statute imposes three requirements for organic crops—a restriction on synthetic chemicals, 7 U.S.C. § 6504(1); a prohibition on growing organic crops "on land to which any prohibited substances . . . have been applied," *id.* § 6504(2); and a requirement that organic products "be produced and handled in compliance with an organic plan," *id.* § 6504(3). The statute further sets forth three types of "[p]rohibited crop production practices and materials." *Id.* § 6508 (section title). If the OFPA's text clearly barred hydroponic production, we would be required to enforce it according to its terms and set aside USDA's interpretation. *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004). But no part of the statute clearly precludes organic certification of crops grown hydroponically.

Appellants argue, however, quoting 7 U.S.C. § 6513(b)(1), that because hydroponic operations do not use soil, hydroponic producers cannot comply with the OFPA's requirement that crop production farm plans "contain provisions designed to foster soil fertility." USDA's decision instead interpreted that provision to mean that *if* crops are grown in soil, their producers must take measures to preserve that soil's "fertility" and "organic content." That interpretation is consistent with the

---

[1] Appellants argue that other USDA regulations bar organic certification of hydroponic crops. That argument would require the Department to enforce those regulations, but that issue is not before us in this case involving only whether USDA must issue *new* rules.

OFPA, which provides that "[i]f a production or handling practice is not prohibited or otherwise restricted under this chapter, such practice shall be permitted unless it is determined that such practice would be inconsistent with the applicable organic certification program." 7 U.S.C. § 6512.

  3. Finally, Appellants contend that USDA's interpretation of the OFPA, and of the Department's own regulations, "conflicts with its experts' opinions." But expert opinion is not a reason for us to reverse the district court, much less second-guess USDA. We may set aside an agency's denial of rulemaking only if the agency has failed to "consider[ ] the potential problem identified in the petition" or has failed to "provide a reasonable explanation as to why it cannot or will not . . . initiate rulemaking." *Compassion Over Killing*, 849 F.3d at 857 (cleaned up). Here, USDA explained its reasoning and exercised "scientific judgments and technical analyses within the agency's expertise," so our review "must be at its most deferential." *N. Plains Res. Council, Inc. v. Surface Transp. Bd.*, 668 F.3d 1067, 1075 (9th Cir. 2011) (cleaned up).

  **AFFIRMED.**